IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY BARTUNEK,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>MARK FOXALL, Director of Douglas County Department of Corrections; and UNITED STATES OF AMERICA,<br><br>　　　　　　Respondents. | 8:17CV303<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court on initial review of Petitioner Gregory Bartunek's ("Bartunek") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (Filing No. 1.) For the reasons discussed below, the court will dismiss Bartunek's petition without prejudice.

## I. BACKGROUND

Bartunek is a federal pretrial detainee confined at the Douglas County Department of Corrections awaiting trial in a pending criminal case: *USA v. Bartunek*, Case No. 8:17-cr-28 (D. Neb.). On January 19, 2017, he was indicted on one count of distribution of child pornography and one count of possession of child pornography. (Filing No. 1, Case No. 8:17-cr-28.) On February 23, 2017, Magistrate Judge Susan M. Bazis ordered that Bartunek be released on bond. (Text Minute Entry No. 17, Case No. 8:17-cr-28.) The Government appealed the bail determination to Judge Robert F. Rossiter, Jr., the presiding district court judge. (Filing No. 24, Case No. 8:17-cr-28.) On February 28, 2017, Judge Rossiter ordered that Bartunek be detained pending trial. (Filing No. 28, Case No. 8:17-cr-28.) On March 30, 2017, Bartunek filed a Motion to Re-Open the detention hearing. (Filing No. 38, Case No. 8:17-cr-28.) On April 11, 2017, Judge Rossiter

denied Bartunek's motion. (Text Minute Entry No. 45, Case No. 8:17-cr-28.) On April 24, 2017, Bartunek appealed the bail determination to the Eighth Circuit Court of Appeals. (Filing No. 55, Case No. 8:17-cr-28.) On May 24, 2017, the Eighth Circuit issued a judgment denying Bartunek's motion for release pending trial. (Filing No. 123, Case No. 8:17-cr-28.) The mandate issued on June 14, 2017. (Filing No. 157, Case No. 8:17-cr-28.)

Condensed and summarized, Bartunek's claims relate to his pending criminal prosecution[1] and to his pre-trial detention. (*See* Filing No. 1 at CM/ECF pp. 1-2.) Bartunek seeks immediate release from pretrial custody, that all charges against him be dismissed with prejudice, and that the property seized during the investigation be returned to him. (*Id.*)

## II. DISCUSSION

Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the petitioner must first exhaust his available remedies. *McNeil v. Newton*, No. 4:06C3305, 2007 WL 257668, at *1 (D. Neb. Jan. 25, 2007) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction)); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial."). With the exception of his pre-trial detention claims, Bartunek's claims would be dispositive of his pending federal criminal charges and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See Moore v. United States*, 875 F.Supp. 620, 624 (D. Neb.1994), *appeal dismissed*, 54 F.3d 782 (8th Cir. 1995)

---

[1] To include claims of illegal search and seizure, violation of due process, violation of privilege against self-incrimination, unlawful arrest, ineffective assistance of counsel, and deficient indictment.

("Thus where habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal.").[2] Bartunek cannot challenge his pending federal prosecution in his current habeas petition.

Bartunek also cannot challenge the pre-trial detention order in his habeas petition for two reasons. *See e.g.*, *Watson v. United States*, No. 2:12-CV-12678, 2012 WL 4378582 (E.D. Mich. Sept. 25, 2012). First, "the appropriate vehicle for [Bartunek] to challenge his pre-trial detention is an expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), not a habeas corpus petition." *See id.* (citing *Whitmer v. Levi*, 276 Fed. Appx. 217, 219 (3rd Cir. 2008)); *see also Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir. 1988) (declining to hold that § 3145 provides the exclusive means to challenge pretrial detention but finding "the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, as demonstrated below, should ordinarily provide strong incentive for defendants to employ Section 3145 appeals.").

Second, the Eighth Circuit Court of Appeals denied Bartunek's motion for release pending trial. "Law of the case terminology is often employed to express the principle that inferior tribunals are bound to honor the mandate of superior

---

[2] One consideration for the exhaustion rule is to discourage "judge shopping," where, as in this case, one judge is assigned to handle the criminal trial and a second judge is assigned to handle the civil habeas petition. *See Moore*, 875 F.Supp. at 624. Bartunek is obviously attempting to circumvent or undermine the authority of Magistrate Judge Bazis and/or Judge Rossiter in his criminal case. A review of the docket sheet in his criminal case shows that Bartunek filed multiple motions, including motions to suppress, a motion to amend, a motion to dismiss, a motion for order to release property, a motion to compel, and a motion for a *Franks* hearing, in April and May of this year. (*See* Docket Sheet, Case No. 17-cr-28.) On August 9, 2017, in her "Findings and Recommendation," Magistrate Judge Bazis recommended to Judge Rossiter that he deny Bartunek's motions. (Filing No. 184, Case No. 17-cr-28.) Bartunek filed his habeas petition seven days later.

courts within a single judicial system." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (quoting 18 Wright, Miller & Cooper, supra, § 4478 at 792). The law of the case doctrine prevents the relitigation of this issue, *see e.g.*, *Watson*, 2012 WL 4378582 at *3, or alternatively, entertaining the issue again allows for duplicitous litigation, *see e.g.*, *Muhammad v. Holder*, No. CA 1:12-25-PMD-SVH, 2012 WL 5457385, at *5 (D.S.C. Sept. 18, 2012), *report and recommendation adopted sub nom. Muhammad v. Cannon*, No. CA 1:12-25-PMD-SVH, 2012 WL 5457374 (D.S.C. Nov. 8, 2012). Accordingly, Bartunek's Petition for Writ of Habeas Corpus (Filing No. 1) will be dismissed without prejudice. *See* Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* (mandating that courts dismiss facially insufficient petitions).[3]

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice.

2. A separate judgment will be entered.

3. The clerk's office is directed to send a copy of this Memorandum and Order to Judge Rossiter and to Magistrate Judge Bazis.

Dated this 21st day of September, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[3] Bartunek is not required to obtain a certificate of appealability to appeal the court's dismissal of his petition. *See Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010).